IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICK J. KELLY,  *

Appellant,  *  Civil Action No. RDB-18-2795

*

v.

*

DEUTSCHE BANK NATIONAL
TRUST CO., *as trustee for Residential*  *
*Asset Securitization Trust 2007-A9*
*Mortgage Pass through Certificates Series*  *  DEC 2 6 2018
*2007-1 et al.*,

*

Appellees.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On September 10, 2018, the *pro se* Appellant Patrick J. Kelly filed this appeal of the decision of the United States Bankruptcy Court for the District of Maryland dismissing his complaint with prejudice. (ECF No. 1.) On November 1, 2018, the Appellees, Deutsche Bank National Trust Company, as Trustee for Residential Asset Securitization Trust 2007-A9, Mortgage Pass Through Certificates Series 2007-1 ("Deutsche Bank"), IndyMac Mortgage Services ("IndyMac"), a wholly-owned division of OneWest Bank, N.A., by its attorney-in-fact, Ocwen Loan Servicing, LLC, and Ocwen Loan Servicing, LLC ("Ocwen"), filed a Motion to Dismiss for lack of jurisdiction, asserting that the appeal is untimely under Federal Rule of Bankruptcy Procedure 8002(a)(1). (ECF No. 4.) The Appellant did not respond to the Motion to Dismiss. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Appellees' Motion to Dismiss (ECF No. 4) is GRANTED.

1

Appellant, while represented by counsel, has filed two previous complaints in this Court under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, in an attempt to stay a pending foreclosure sale of his home in Pasadena, Maryland. *Kelly v. Ocwen Loan Servicing, LLC, et al.*, No. GLR-16-1049 (D. Md.) ("2016 Action"); *Kelly v. Ocwen Loan Servicing, LLC, et al.*, No. GLR-17-0039 (D. Md.) ("2017 Action"). Both complaints were dismissed in the pleading stages, and the dismissal of the 2017 Action was affirmed by the United States Court of Appeals for the Fourth Circuit. *Kelly v. Ocwen Loan Servicing, LLC, et al.*, No. 17-1843 (4th Cir.). Subsequently, the Appellant, proceeding *pro se*, filed a Complaint in the United States Bankruptcy Court for the District of Maryland. (No. 18-0222 (D. Md. Bankr. Ct.), ECF No. 1.) On August 13, 2018, the Bankruptcy Court dismissed the Complaint, holding that Kelly's claims were barred by claim preclusion given the dismissal of his claims in the 2017 Action. (*Id.* at ECF No. 16.) Twenty-eight days later, Appellant filed the current appeal.

Under Federal Rule of Bankruptcy Procedure 8002(a)(1), parties have fourteen days from the entry of a bankruptcy court order to file a notice of appeal unless an extension is granted under limited circumstances. Failure to file a timely notice of appeal from a bankruptcy court order deprives the district court of jurisdiction to consider the appeal. *See Smith v. Dairymen, Inc.*, 790 F.2d 1107, 1109 (4th Cir. 1986); *Reig v. Wells Fargo Bank*, 2013 WL 3280035, at *1 (D. Md. 2013); *Ekweani v. Wells Fargo Home Mortg., Inc.*, No. CCB-13-2661, 2013 WL 5937977, at *1 (D. Md. Nov. 5, 2013).

Here, the Bankruptcy Court issued its decision on August 13, 2018, but the Appellant did not file his Notice of Appeal until September 10, 2018. Accordingly, he filed the Notice of Appeal two weeks past the fourteen day deadline and this Court is without jurisdiction to

2

hear his appeal. *See Ekweani v. Wells Fargo Home Mortg., Inc.*, No. CCB-13-2661, 2013 WL 5937977, at *1 (D. Md. Nov. 5, 2013) (dismissing an appeal because it was filed one day past the fourteen day deadline). Therefore, the Appellees' Motion to Dismiss (ECF No. 4) is GRANTED.

Accordingly, IT IS HEREBY ORDERED this 26th day of December, 2018, that:

1. Appellees' Motion to Dismiss (ECF No. 4) is GRANTED;
2. Appellant's appeal is DISMISSED;
3. The Clerk of this Court shall transmit copies of this Order and accompanying Memorandum Opinion to counsel and the *pro se* Appellant; and
4. The Clerk of this Court shall CLOSE THIS CASE.

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge